NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3252

JULIA DAVIS,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Julia Davis, of Studio City, California, pro se.

Domenique Kirchner, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3252

JULIA DAVIS,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0752-04-0760-M-1.

_____

DECIDED:  December 18, 2008
_____

Before RADER, PLAGER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

On remand from this court, the Merit Systems Protection Board dismissed Ms. Julia Davis's adverse action claim alleging involuntary resignation for lack of jurisdiction. Because the Board properly dismissed Ms. Davis's claim, this court <u>affirms</u>.

The present case is on appeal from this court's remand in <u>Davis v. Department of Homeland Security</u>, 2007 WL 1551204 (Fed. Cir. 2007) ("Davis I"). The facts surrounding Ms. Davis's adverse action claim are set forth in great detail in that opinion. Accordingly, this opinion will only discuss those facts necessary to understand the limited issue on appeal.

In <u>Davis I</u>, this court upheld the Board's decision to deny the admission of the EEOC hearing transcript into evidence after the record was closed on May 23, 2005. However, faced with a potential inconsistency with another agency opinion, this court concluded that the Board should have considered the EEOC final decision in rendering its opinion. On that point only, this court remanded to the Board for further consideration. This court cautioned that "remand does not necessarily require that the Board reach a different result; for example, the Board could find that the sexual harassment was too far removed in time from Ms. Davis's resignation to have rendered that resignation involuntary, or that her resignation was voluntary." <u>Id.</u>

On remand, after reviewing the EEOC final opinion for any inconsistency and considering the parties' submissions on the issue, the Board again found that Ms. Davis's resignation was voluntary. The Board found that the alleged sexual harassment of Ms. Davis occurred more than a year prior to her resignation and did not establish that, under the circumstances, a reasonable employee would have been compelled to resign. The Board also concluded that the involuntariness of the petitioner's resignation was not identically before the EEOC or necessary to resolve the sexual harassment claim. Thus, the EEOC's finding that Ms. Davis involuntarily resigned was dicta and not

binding on the Board.  The Board reinstated its prior decision and dismissed Ms. Davis's appeal for lack of jurisdiction.  Ms. Davis timely appealed to this Court.  This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

II

This court possesses limited authority to review a Board decision.  The Board's decision must be affirmed unless it is:  (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).  Whether the Board has jurisdiction to hear an appeal presents a matter of law, which this court reviews without deference.  Middleton v. Dept. of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999).

The Board's jurisdiction is limited to those areas delineated by statute, rule, or regulation.  Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). This court has recognized that the Board is without jurisdiction over voluntary resignations.  Cruz v. Dept. of Navy, 934 F.2d 1240, 1248 (Fed. Cir. 1991).  Because employee resignations and retirements are presumed to be voluntary, this presumption may only be rebutted by a showing of sufficient evidence to establish that the retirement or resignation was involuntary.  Middleton v. Dept. of Defense, 185 F.3d at 1379.  Thus, the former employee bears the heavy burden of pleading and proving that her resignation was involuntary, and thus, within the jurisdiction of the Board.  Id.  This can be shown with evidence that the resignation was the product of: (1) misinformation or

deception by the agency, or (2) coercion by the agency. <u>Staats v. United States Postal Service</u>, 99 F.3d 1120, 1123-1124 (Fed. Cir. 1996).

Coercion may occur when "working conditions [are] so intolerable for the employee that he or she is driven to involuntarily resign or retire." <u>Id.</u> at 1123. A three-part test is used for determining whether coercion or duress renders an apparently voluntary resignation or retirement involuntary:

> (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party . . . .

<u>Middleton v. Dept. of Defense</u>, 185 F.3d at 1379. The most probative evidence of involuntariness "will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive acts and the employee's retirement." <u>Terban v. Dept. of Energy</u>, 216 F.3d 1021, 1024 (Fed. Cir. 2000).

On appeal, Ms. Davis argues that the Board erred in failing to consider evidence that her resignation was involuntary. However, these arguments have already been considered and fall outside the limited scope of this court's remand. The remand instruction was narrow: consider the EEOC final decision and resolve any inconsistencies with the other agency's decision.

The Board did exactly that and reached the same result. The Board reconsidered the record in view of the EEOC final opinion—and again concluded that Ms. Davis's resignation was voluntary. Because nothing in the EEOC final opinion overcame the presumption that her resignation was voluntary, the Board's conclusion is supported by substantial evidence.

Ms. Davis further argues that the Board is bound by the EEOC final opinion's language regarding the issue of involuntary resignation. Collateral estoppel, or issue preclusion, is appropriate when (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. Mayer/Berkshire Corp. v. Berkshire Fashions, Inc., 424 F.3d 1229, 1232 (Fed. Cir. 2005).

As the Board reasoned in its decision, the issues before the EEOC and the MSPB were not identical. The issue of involuntary resignation was not litigated before the EEOC and it was not necessary to resolve the sexual harassment claim. Even the EEOC final opinion acknowledged that the issue of involuntary resignation was not before it. Thus the Board correctly concluded that it was not bound by the EEOC final opinion's dicta regarding the involuntariness of Ms. Davis's resignation.

For these reasons, this court affirms the Board's dismissal for lack of jurisdiction.